UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  Case No. 6:23-mj-2348-EJK

JOSHUA JOSEPH GRAY

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT JOSHUA GRAY'S MOTION TO DISMISS**

The United States opposes defendant Joshua Joseph Gray's motion to dismiss (Docs. 35-36). The Court should deny the motion because the Information (Doc. 1) is sufficient on its face, and the defendant's arguments relate to the nature and sufficiency of the evidence and application of the regulations to this case—all of which require development of a factual record at trial.

I.  **Procedural History**

The defendant is charged by Information with six misdemeanor offenses (Doc. 1). Counts One, Five, and Seven charge the defendant with violating 41 C.F.R. § 102-74.385 on diverse dates by failing to comply with official signs and the lawful direction of Federal police officers and other authorized individuals (*id.*). Counts Two, Six, and Eight charge the defendant with unauthorized photography in violation of 41 C.F.R. § 102-74.420, also on diverse dates (*id.*). This case is scheduled for trial on April 3, 2024 (Doc. 30).

## II. Legal Standard

In ruling on a motion to dismiss an information or indictment, the Court is limited to reviewing the face of the charging document, specifically the language used to charge the crimes. *See United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) ("The sufficiency of a criminal [information] is determined from its face."); *accord United States v. Hakim*, No. 1:18-cr-126; 2018 WL 4791085, at *2 (N.D. Ga. Oct. 4, 2018). "To determine whether the information is sufficient, the Court must take the allegations in the information is true." *Hakim*, 2018 WL 4791085, at *2 (quoting *United States v. Yates*, No. 1:10-cr-412, 2011 WL 4861652, at *1 (N.D. Ga. Aug. 11, 2011). An "information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged…" Fed. R. Crim. P. 7(c)(1). The information "is sufficient if it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plea an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Pacchioli*, 718 F.3d 1294, 1307 (11th Cir. 2013) (internal quotations omitted).

## III. Argument

The Information in this case is sufficient under Fed. R. Crim P. 7(c)(1) and controlling Eleventh Circuit precedent discussed above. It contains the elements of the offenses, fairly informs the defendant of the charges against him, and enables him to exercise his double jeopardy rights in the future. *Pacchioli*, 718 F.3d at 1307. The

defendant's arguments fail because he asks the Court to look beyond the four corners of the Information to consider whether the circumstances of his conduct rendered it lawful. Specifically, the defendant argues that the Court should dismiss the charges against him under 41 C.F.R. § 102-74.420 (Counts Two, Six and Eight) because the filming he conducted is permitted under subsection (c) of section 102-74.420 (Doc. 35 at 3-4).[1] The government disagrees based on the location and nature of the filming. Importantly, the resolution of this issue depends on the specific circumstances of the filming, which will be elicited through the evidence presented at the defendant's upcoming trial.

Relatedly, the defendant argues the Court should also dismiss the charges against him under 41 C.F.R. § 102.74-385, namely Counts One, Five, and Seven. (Doc. 35 at 4-6). His argument is that because his filming was allegedly permitted under section 102-74.420(c), any official signs and orders directing him otherwise were unlawful (*id.*). As with the defendant's first argument, this second argument also goes beyond the face of the Information and depends on the evidence to be elicited to trial. Accordingly, the Court should deny the motion on this ground as well.

---

[1] The defendant's supplemental motion to dismiss reasserts his contention that his conduct constituted permitted filming under 41 C.F.R. § 102-74.420(c) because he was doing it for "news purposes" (Doc. 36). Again, the government disagrees with this contention and submits that the facts to be elicited at trial will show the filming was not for news purposes and that, even assuming the recording was for news purposes, the defendant was otherwise in violation of section 102-74.420.

Finally, the defendant asserts that the Court should dismiss the case "pursuant to the First Amendment to the United States Constitution," and string cites several cases. Most are inapposite and involve filming public meetings and a public protest march (Doc. 35 at 2-3). The defendant develops no argument, however, that the regulation in this case, 41 C.F.R. § 102-74.420, is unconstitutional. Of note, the most analogous case he cites is *United States v. Hastings*, where the Eleventh Circuit upheld the prohibition on photography and broadcasting of federal criminal proceedings. 695 F.2d 1278, 1283-84 (11th Cir. 1983); *see also Seymour v. United States*, 373 F.2d 629, (5th Cir. 1967) (upholding criminal contempt conviction of television news photographer who took photographs of a criminal defendant in the hallway outside the courtroom in violation of standing court order).

Section 102-74.420 is constitutional, both on its face and as applied to the defendant. As the government anticipates will be elicited at trial, all locations of the charged offenses are Social Security field offices, which are non-public fora. *See., e.g.*, *International Society for Krishna Consciousness, Inc. v. Lee*, 505 U.S. 672, 680 (1992) (international airport terminal was non-public forum); *United States v. Kokinda*, 497 U.S. 720, 728-30 (1990) (sidewalk connecting post office entrance to parking lot was non-public forum); *United States v. Gilbert*, 920 F.2d 878, 884-85 (11th Cir. 1991) (interior of federal building and its portico were non-public fora); *Sentinel Communications Co. v. Watts*, 936 F.2d 1189, 1204 (11th Cir. 1991) (interstate rest area was non-public forum); *Preminger v. Sec'y of Veterans Affairs*, 517 F.3d 1299, 1313

(Fed. Cir. 2008) (VA medical centers are non-public fora); *Bugoni v. Slosberg*, No. 10-80867-CIV, 2011 WL 579228, at *8 (S.D. Fla. Feb. 9, 2011) (Department of Motor Vehicles (DMV) office was non-public forum); *Avedisian v. Holcomb*, 853 F. Supp. 185 (E.D. Va. 1994) (same).

Accordingly, the test is whether the restrictions in 41 C.F.R. § 102-74.420 are "reasonable" considering the purpose the property is intended to serve. *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 46 (1983); *United States v. Gilbert*, 130 F.3d 1458, 1461 (11th Cir. 1997). A restriction need only be "reasonable"; "it need not be the most reasonable or the only reasonable limitation." *Kokinda*, 497 U.S. at 725.

The purpose of the photography restriction—like other regulations contained in the General Service Administration's ("GSA") facility management regulations in Part 102-74 of Title 41 of the Code of Federal Regulations—is to ensure that federal executive agencies can provide services "consistent with their operational needs" and accomplish "overall Government objectives." 41 C.F.R. § 102.74.10. The GSA reasonably prohibits photography as well as a variety of other expressive conduct in agency space that can interfere with operational needs or the ability of executive agencies to fulfill their objectives, including soliciting (41 C.F.R. § 102-74.410), commercial advertising (41 C.F.R. § 102-74.410), posting flyers (41 C.F.R. § 102-74.415), and making loud or unusual noises (41 C.F.R. § 102-74.390).[2] The

---

[2] Numerous courts have imposed and upheld criminal penalties under GSA's regulations include. *See, e.g., Gilbert*, 130 F.3d at 1461-63 (failing to comply with

importance of allowing executive agencies to operate efficiently and to fulfill their objectives is undeniable. "Government agencies are charged by law with doing particular tasks [and take actions] to help do those tasks as effectively and efficiently as possible." *Waters v. Churchill*, 511 U.S. 661, 674-75.

As will be elicited at trial, 41 C.F.R. § 102-74.420 is particularly reasonable given the specific purpose of Social Security field offices, which is to provide a location for members of the public to receive in-person service from the Social Security Administration regarding benefit eligibility, Social Security numbers and cards, and other business they may have with the agency. By its very nature, this business involves the exchange and discussion of large amounts of sensitive personally identifiable information including, among other things, Social Security numbers, dates of birth, medical records, and earnings records. Although customers can also receive service over the telephone and through the Social Security Administration's website, some customers prefer in-person service, and some services can be accomplished only in person. Filming in these locations risks the recording and dissemination of this sensitive personal information and has a predictably chilling effect on members of the public seeking services they may need at these field offices. Accordingly, the Social Security Administration and the public

---

lawful direction of federal protective officer by protesting in restricted area of federal building); *United States v. Baldwin*, 745 F.3d 1027 (10th Cir. 2014); *United States v. Strong*, 724 F.3d 51 (1st Cir. 2013); *United States v. Bichsel*, 395 F.3d 1053, 1055 (9th Cir. 2005); *Askins v. U.S. Dep't of Homeland Sec.*, No. 12-CV-2600 W (BLM), 2015 WL 12434362, at *8 (S.D. Cal. Jan. 29, 2015).

have a strong interest in protecting this sensitive personal information, and the restriction on filming in Social Security field offices is reasonably tailored to this important interest.

Additionally, it is notable that there are "substantial alternative channels" for individuals and the press to gather information regarding Social Security field offices. *See Perry*, 460 U.S. at 53. As will be elicited at trial, the restriction on filming does not prevent individuals from entering Social Security offices, observing their functioning, reading signs, or taking brochures, and later reporting on that information. The restrictions on filming also provide a specific mechanism for individuals to request permission from SSA for photography or videography.

### IV.   Conclusion

For the above reasons, the Court should deny the defendant's motion to dismiss. The Information is sufficient, and the evidence necessary to establish a factual basis for resolution of the defendant's arguments will be elicited at trial.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:   *s/ Matthew J. Del Mastro*
Matthew J. Del Mastro
Special Assistant U.S. Attorney
USA No. 203
400 W. Washington St., Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: matthew.del.mastro@usdoj.gov

U.S. v. Joshua Joseph GrayCase No. 6:23-mj-2348-EJK

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the defendant's standby counsel, Katherine Henry, Esq.

I further certify that I have caused a copy of the foregoing to be sent via United States Mail to the following non-CM/ECF participant:

Joshua Joseph Gray

By:*s/ Matthew J. Del Mastro*
Matthew J. Del Mastro
Special Assistant U.S. Attorney
USA No. 203
400 W. Washington St., Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: matthew.del.mastro@usdoj.gov

8